```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KATHERINE D. JOHNSON, and MARIE A.        :
TIERI,                                    :
                                          :
                Plaintiffs,               :          **SUMMARY ORDER**
                                          :          11-CV-06359 (DLI) (VVP)
           -against-                      :
                                          :
GLOBAL PROMOTION AND PUBLISHING           :
CORP., SEYFULLAH TURKKAN, TIMOTHY         :
G. GRIFFIN, ESQ., ROSLYN TELCO            :
GROUP, INC., PARMOD ("TONY") KUMAR,       :
MOHINDER ("MIKE") KUMAR, and              :
VICTOR DUNLAP, ESQ.,                      :
                                          :
                Defendants.               :
------------------------------------------------------------ x
```
**DORA L. IRIZARRY, U.S. District Judge:**

Katherine Johnson and Marie Tieri (collectively, "Plaintiffs") bring this action asserting contractual claims and various state law claims arising from Plaintiffs' representation of Global Promotion and Publishing Corp. ("Global") in a case previously filed with the court, *Roslyn Telco Group, Inc. v. Global Promotion and Publishing Corp.*, 07-cv-01953 (ADS) (ARL) (the "Underlying Action"). The Complaint alleges that Defendants engaged in a conspiracy to defraud Plaintiffs from recovering legal fees owed to them in the Underlying Action by, among other things, amending a court-approved settlement agreement without Plaintiffs' knowledge. (*See generally* Compl., Docket Entry No. 1.) The sole basis for subject matter jurisdiction alleged in the Complaint is diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Complaint ¶ 2.) Four Defendants, Timothy Griffin, Mohinder Kumar, Parmod Kumar, and Roslyn Telco Group, Inc. ("Roslyn") (collectively, the "Moving Defendants") have moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that the court lacks subject matter jurisdiction over the action because complete diversity has not been established. (Mem.

of Law in Support of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), Docket Entry No. 9-7.) For the reasons stated below, the Moving Defendants' motion is granted in its entirety.

Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a). To have complete diversity, "each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). "An individual's citizenship . . . is determined by his domicile . . . . Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citations and internal quotations omitted). A corporation, however, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete. *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

The Complaint alleges that Plaintiffs reside in New York. (Compl. ¶¶ 4, 5.) As to the individual Defendants, the Complaint alleges that Seyfullah Turkkan, Parmod Kumar, Mohinder Kumar, and Victor Dunlap are residents of New York, and that Timothy Griffin is a resident of Connecticut. (Compl. ¶¶ 7, 9-12.) As to the corporate Defendants, the Complaint alleges that Global is organized under Connecticut law, with its principal place of business in Connecticut, and that Roslyn is organized under Delaware law, with its principal place of business in New York. (Compl. ¶¶ 6, 8.) It is clear from these facts that Plaintiffs have not met their burden of demonstrating complete diversity. Notably, Plaintiffs have not disputed that diversity of

citizenship is lacking. (See Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Mem.") at 3, Docket Entry No. 12-2.)

Despite an absence of diversity jurisdiction or federal question jurisdiction, Plaintiffs nonetheless argue that the court should exercise ancillary jurisdiction because the case concerns a settlement agreement reached in the Underlying Action. (Pls.' Mem. at 3-4.) Plaintiffs' argument is unavailing, as "[i]t is well settled in this circuit that . . . the district court can exercise ancillary jurisdiction to enforce a settlement agreement *only* if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated it into the order." *State Street House, Inc. v. New York State Urban Dev. Corp.*, 75 F. App'x 807, 810 (2d Cir. 2003) (emphasis in original) (citing *Herrick Co., Inc. v. SCS Commcns, Inc.*, 251 F.3d 315, 327 (2d Cir. 2001) and *Scelsa v. City Univ. of New York*, 76 F.3d 37, 41 (2d Cir. 1996). "The mere reference in [an] order to the [settlement] [a]greement does not incorporate the [a]greement into the order." *Scelsa*, 76 F.3d at 41.

Here, the settlement agreement does not have a retention of jurisdiction clause and does not make reference to the court retaining jurisdiction. (Compl. Ex. B.) Additionally, Plaintiffs do not identify, nor does there appear to be, an order in the Underlying Action that expressly retains jurisdiction over the settlement agreement or incorporates its terms. Notably, Senior United States District Judge Arthur D. Spatt held a hearing in the Underlying Action on June 2, 2009 to address Plaintiffs' issues concerning the settlement agreement and Defendants' purportedly improper amendment of that agreement, and the transcript of the hearing provides further confirmation that the court did not intend to retain jurisdiction. Judge Spatt did not expressly reserve the court's jurisdiction, but instead stated, "[I]n the absence of any motion, action, proceeding or anything else before me, and I'm not sure I have jurisdiction over any such

proceeding[,] [t]here is nothing I can do legally to enforce the payment of your [legal] fees."[1] (June 2, 2009 Tr. of Proceedings ("Tr.") at 17, Docket Entry No. 9-5.) Accordingly, Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The Moving Defendants' motion to dismiss for lack of subject matter jurisdiction is granted and the Complaint is dismissed without prejudice to pursue the claims in the appropriate state forum. Accordingly, Defendant Seyfullah Turkkan's pending motion to appoint counsel (Docket Entry No. 16) is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[1] Judge Spatt also stated, "I have given you my view of this matter, that I no longer have jurisdiction to do this. Nothing is before me at this time. I think the amended stipulation of settlement is . . . valid and binding . . . and I cannot, regretfully I say, help you enforce your attorney's fee. That will have to be done in another ancillary proceeding." (Tr. at 30.)